UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-40544-PJS

**RICKY CARPENTER,**  Chapter 7

    Debtor.  HON. PHILLIP J. SHEFFERLY
_____/

## MOTION IN LIMINE TO EXCLUDE IN-COURT TESTIMONY OF DOSHIA M. BANKS' BECAUSE OF HER REFUSAL TO PROVIDE DEPOSITION TESTIMONY AND DOCUMENTS

Daniel M. McDermott, United States Trustee for Michigan and Ohio, for his Motion, states as follows:

1. On February 25, 2011 the Court ordered Doshia M. Banks to Appear and Show Cause Why She Should Not Be Required to Disgorge Fees Paid to Her by the Debtor and Why the Court Should Not Impose Other Remedies Against Her. The Hearing was scheduled for March 21, 2011.

2. On March 21, 2011, Banks appeared and claimed that she had charged the Debtor for services other than as a Bankruptcy Petition Preparer. The Court set the matter for evidentiary hearing and authorized the United States Trustee to conduct discovery of Banks.

3. After failing to appear at the first scheduled date for her depositions, Banks entered into a stipulation with the United States Trustee to avoid other action. The Stipulated Order, entered by the Court on May 17, 2011, required Banks to appear for the deposition and to bring documents. The required documents included, "Copies of any materials received from the debtor."

4. At the deposition, Banks refused to provide the materials and refused to testify about her other dealings with the Debtor. She could not identify a legal basis for refusing to testify or failing to comply with the Court's Order.

5. The main focus of the Court's Order to Show Cause was what Banks did in exchange for the money the Debtor paid her.

6. Banks has refused to provide the relevant evidence during discovery.[1]

7. Banks should be precluded from offering any testimony or other evidence at the Evidentiary hearing. The Court would not allow her to selectively refuse to answer questions even if she had asserted a valid privilege. *Brown v. United States*, 356 U.S. 148, 155-56, 78 S.Ct. 622, 626-27, 2 L.Ed.2d 589 (1958)(To allow her to selectively invoke the privilege against self-incrimination would constitute a "positive invitation to mutilate the truth.").[2]

8. The Court should not permit her to do the same thing when she doesn't even have a valid privilege, and is in violation of this Court's Order.

9. The United States Trustee recognizes that, since Banks bears the burden at the hearing, this Motion is tantamount to a request for Judgment against Banks.

---

[1] Transcript to be provided as a supplement to this Motion when it becomes available; anticipated to be Thursday, June 2, 2011.

[2] See also, *Lawson v. Murray*, 837 F.2d 653, 655-56 (4th Cir.), cert. denied, 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988).
*U.S. v. Two Parcels Property Located at 2730 Highway*, 909 F.Supp. 1450 (M.D. Ala. 1995)("It is well-accepted that a witness' direct testimony can be stricken if she [or he] invokes the fifth amendment on cross-examination to shield that testimony from scrutiny").
*United States v. Brierly*, 501 F.2d 1024, 1027 (8th Cir.1974)("If ... the witness--by invoking the privilege--precludes inquiry into the details of his direct testimony so that there is a substantial danger of prejudice, the direct testimony should be stricken in whole or in part.")
*Rogers v. United States,* 340 U.S. 367, 371, 71 S.Ct. 438, 441, 95 L.Ed. 344 (1951)("It is well settled that a witness, in invoking the Fifth Amendment privilege against self-incrimination, cannot be permitted to 'select any stopping place in the testimony.'").

**WHEREFORE**, Daniel M. McDermott, United States Trustee, respectfully requests that this Honorable Court preclude Doshia M. Banks from offering any evidence at the evidentiary hearing on this Court's Order to Show Cause.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By   /s/ Paul J. Randel (P58419)
Paul.Randel@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-4541

Dated: May 31, 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-40544-PJS

**RICKY CARPENTER,**  Chapter 7

Debtor.  HON. PHILLIP J. SHEFFERLY

_____/

**ORDER PRECLUDING DOSHIA M. BANKS
FROM OFFERING EVIDENCE FOR HER REFUSAL TO
GIVE DEPOSITION TESTIMONY AND TO PROVIDE DOCUMENTS**

**THIS MATTER** came before the Court upon the United States Trustee's Motion. The Motion was properly served on Doshia M. Banks and filed with the Court. The Court is otherwise fully advised in the premises;

**NOW THEREFORE,**

**IT IS ORDERED** that Doshia M. Banks is precluded from offering any evidence at the Evidentiary hearing on this matter.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-40544-PJS

**RICKY CARPENTER,**  Chapter 7

    Debtor.  HON. PHILLIP J. SHEFFERLY
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, I served copies as follows:

1. Documents Served: *Motion in Limine to Exclude In-Court Testimony of Doshia M. Banks Because of Her Refusal to Provide Deposition Testimony and Documents, Motion for Expedited Hearing on Motion* and *Certificate of Service.*

2. Served Upon: Ricky Carpenter
   24280 Grove Ave.
   Eastpointe, MI 48021

3. Method of Service: First Class Mail

4. Documents Served: *Motion in Limine to Exclude In-Court Testimony of Doshia M. Banks Because of Her Refusal to Provide Deposition Testimony and Documents, Motion for Expedited Hearing on Motion* and *Certificate of Service.*

5. Served Upon: Doshia M. Banks
   DMBSelfhelp@yahoo.com
   17515 W. Nine Mile Road
   Suite 980
   Southfield, MI 48075

6. Method of Service: Email and First Class Mail

        **DANIEL M. McDERMOTT**
        **UNITED STATES TRUSTEE**
        Region 9

    By: /s/ Karen Riggs
        Karen.Riggs@usdoj.gov
        Paralegal Specialist
        Office of the U.S. Trustee
        211 West Fort St - Suite 700
        Detroit, Michigan 48226
        313.226.7259

Dated: May 31, 2011